UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREL WILKINS, NAJERA YOUNG, DANIELLE GOODWIN, ZELINDA YOUNG, and ZELINDA YOUNG o/b/o O.Y. (a minor)<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PATERSON; PATERSON POLICE DEPARTMENT; OFFICER NIGEL BURRESS, individually and in his official capacity; POLICE OFFICER M. LUCERO, individually and in his official capacity; PATERSON POLICE OFFICERS JOHN AND JANE DOES 1-10, individually and in their own capacities.<br><br>Defendants. | Civil Action No.: 2:22-cv-03293-JXN-MAH<br><br>**DEFENDANT MUCIO LUCERO'S ANSWER TO PLAINTIFFS' COMPLAINT, CROSSCLAIM, ANSWER TO CROSSCLAIM, SEPARATE DEFENSES AND JURY DEMAND** |

Defendant, Mucio Lucero ("Defendant") by way of an Answer to the Complaint and Jury Demand ("the Complaint") filed by Plaintiffs Jerel Wilkins, Najera Young, Danielle Goodwin, Zelinda Young, and Zelinda Young o/b/o O.Y. (a minor) (collectively "Plaintiffs") state:

## NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 provide a description of the nature of the litigation and do not set forth factual allegations to which a response is required. To the extent any of the allegations in Paragraph 1 are deemed factual in nature, Defendant denies any violation of Plaintiffs' state, statutory, and/or civil rights and deny Plaintiffs are entitled to the relief sought in the Complaint.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 2 are deemed factual in nature, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations asserted and leave Plaintiffs to their proofs in this regard.

## **PARTIES**

3. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 4 are deemed factual in nature, Defendant admits that the City of Paterson is a New Jersey municipality but denies the assertion that the Paterson Police Department is a New Jersey municipality.

5. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 call for conclusions of law and are thus denied.

9. Defendant admits the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 10 are deemed factual in nature, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and leave Plaintiffs to their proofs in this regard.

11. The allegations contained in Paragraph 11 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 11 are deemed factual in nature, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and leave Plaintiffs to their proofs in this regard.

## FACTS

12. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 12.

13. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 13.

14. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 19.

20. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 20.

21. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 21.

22. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies deny the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT ONE: UNLAWFUL IMPRISONMENT/FALSE ARREST/UNLAWFUL SEARCH AND SEIZURE PURSUANT TO FEDERAL AND STATE LAW

29. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 33 are deemed factual in nature, Defendant denies the allegations contained.

34. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT TWO: EXCESSIVE FORCE

35. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

36. Defendant admits the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT THREE: ASSAULT/BATTERY/NEGLIGENCE

44. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant admits the allegations contained in Paragraph 47.

48. The allegations contained in Paragraph 48 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 48 are deemed factual in nature, Defendant denies the allegations contained.

49. The allegations contained in Paragraph 49 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 49 are deemed factual in nature, Defendant denies the allegations contained.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

## COUNT FOUR: VIOLATION OF FIRST AMENDMENT AND RETALIATION

54. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT FIVE: MONELL/NJCRA LIABILITY/MUNICIPAL LIABILITY

60. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

61. Defendant admits the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69,

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 84.

85. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 85.

86. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 86.

87. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 call for conclusions of law and are thus denied. Defendants further respond by stating that the allegations in Paragraph 96 of the Complaint refer to a written document which speaks for itself and any attempt to characterize the content of the referenced document is improper and denied.

97. The allegations contained in the first sentence of Paragraph 97 call for conclusions of law and are thus denied. Defendant further responds by stating that the allegations in the first sentence of Paragraph 97 refer to a written document which speaks for itself and any attempt to characterize the content of the referenced document is improper and denied. Defendant denies the remaining allegations in Paragraph 97.

98. Defendant denies the allegations contained in Paragraph 98.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Defendant denies the allegations contained in Paragraph 103.

104. Defendant denies the allegations contained in Paragraph 104.

105. Defendant denies the allegations contained in Paragraph 105.

106. Defendant denies the allegations contained in Paragraph 106.

107. Defendant denies the allegations contained in Paragraph 107.

108. Defendant denies the allegations contained in Paragraph 108.

109. The allegations contained in Paragraph 51 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 51 are deemed factual in nature, Defendant denies the allegations contained.

110. Defendant denies the allegations contained in Paragraph 110.

111. Defendant denies the allegations contained in Paragraph 111.

112. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT SIX: FAILURE TO INTERVENE PURSUANT TO STATE AND FEDERAL LAW

113. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

114. The allegations contained in Paragraph 51 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 51 are deemed factual in nature, Defendant denies the allegations contained.

115. The allegations contained in Paragraph 51 call for conclusions of law and are thus denied. To the extent any of the allegations in Paragraph 51 are deemed factual in nature, Defendant denies the allegations contained.

116. Defendant denies the allegations contained in Paragraph 116.

117. Defendant denies the allegations contained in Paragraph 117.

118. Defendant denies the allegations contained in Paragraph 118.

119. Defendant denies the allegations contained in Paragraph 119.

120. Defendant denies the allegations contained in Paragraph 120.

121. Defendant denies the allegations contained in Paragraph 121.

122. Defendant denies the allegations contained in Paragraph 122.

123. Defendant denies the allegations contained in Paragraph 123.

124. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT SEVEN: NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

125. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

126. Defendant denies the allegations contained in Paragraph 126.

127. Defendant denies the allegations contained in Paragraph 127.

128. Defendant admits the allegations contained in Paragraph 128.

129. Defendant denies the allegations contained in Paragraph 129.

130. Defendant denies the allegations contained in Paragraph 130.

131. Defendant denies the allegations contained in Paragraph 131.

132. Defendant denies the allegations contained in Paragraph 132.

133. Defendant denies the allegations contained in Paragraph 133.

134. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT EIGHT: NEGLIGENT HIRING, SUPERVISION, RETENTION, AND RESPONDEAT SUPERIOR

135. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

136. Defendant denies the allegations contained in Paragraph 136.

137. Defendant denies the allegations contained in Paragraph 137.

138. Defendant denies the allegations contained in Paragraph 138.

139. Defendant denies the allegations contained in Paragraph 139.

140. Defendant denies the allegations contained in Paragraph 140.

141. Defendant denies the allegations contained in Paragraph 141.

142. Defendant admits the allegations contained in Paragraph 142.

143. Defendant denies the allegations contained in Paragraph 143.

144. Defendant denies the allegations contained in Paragraph 144.

145. Defendant denies the allegations contained in Paragraph 145.

146. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT NINE: NEGLIGENT TRAINING SUPERVISION

147. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

148. Defendant denies the allegations contained in Paragraph 148.

149. Defendant denies the allegations contained in Paragraph 149.

150. Defendant denies the allegations contained in Paragraph 150.

151. Defendant denies the allegations contained in Paragraph 151.

152. Defendant denies the allegations contained in Paragraph 152.

11

153. **WHEREFORE,** Defendant denies that Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## COUNT TEN: CONSPIRACY

154. Defendant repeats and realleges his response to the preceding paragraphs as if set forth more fully herein.

155. Defendant denies the allegations contained in Paragraph 155.

156. Defendant denies the allegations contained in Paragraph 156.

157. Defendant denies the allegations contained in Paragraph 157.

158. Defendant denies the allegations contained in Paragraph 158.

159. Defendant denies the allegations contained in Paragraph 159.

160. **WHEREFORE,** Defendant denies the Plaintiffs are entitled to a judgment in their favor and deny their entitlement to damages, including compensatory and punitive damages and attorney's fees, and that the Complaint should be dismissed.

## AFFIRMATIVE DEFENSES

1. The incident mentioned in the Complaint and the Plaintiffs' injuries and damages were caused solely by the Plaintiffs' negligence.

2. At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to Plaintiffs' alleged damages involved decisions of this defendant within an area of non-actionable governmental discretion. By virtue of the said premises, this defendant is not liable to any party herein.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiffs' claims are barred by the Statute of Limitations.

5. The defendant, public entities or public employees are within the contemplation of the New Jersey Tort Claims Act and are entitled to all provisions, exemptions, immunities and limitations as to damages of the New Jersey Tort Claims Act.

6. The damages of the Plaintiff, if any, are limited by the applicable laws of the State of New Jersey as respects contributory negligence.

7. There was no denial of procedural and/or substantive due process under the Fourteenth Amendment.

8. There was no deprivation of liberty without due process of law.

9. There is no cause of action under 42 U.S.C. §1983.

10. The Plaintiffs' Complaint is barred as against public policy in this state.

11. The Plaintiffs' Complaint is barred due to the doctrine of unclean hands.

12. Any and all injuries and damages that may have been sustained by the Plaintiff was caused solely by the negligence of persons not under the control of this Defendant.

13. All of the acts of this Defendant were performed in good faith.

14. The injuries and damages of the Plaintiff took place on public grounds, buildings or structures and by statute the Defendant is not answerable in damages.

15. The individual Defendant was an employee of a municipal corporation acting in the exercise of his usual duties and under such circumstances is immune from responsibility.

16. This Defendant is immune from punitive damages pursuant to the Eleventh Amendment, Federal Law, and New Jersey Law.

17. Defendant is not liable to claimant since at the time of the acts complained of he was acting in good faith as a statutory police officer.

18. Plaintiff has not set forth sufficient facts to establish any liability of Officer Lucero.

19. Defendant denies he was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by plaintiff.

20. Plaintiffs' Complaint is frivolous and without merit as to this Defendant and should be stricken on this basis.

21. This Defendant has engaged in discretionary activities precluding liability against this Defendant pursuant to N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2.

22. The Court lacks jurisdiction over the subject matter of the within litigation.

23. Defendant denies any breach of duty to Plaintiff.

24. Plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitution or any act of Congress.

25. Plaintiff has not been deprived of any right, privilege or immunity secured to him by the Constitution and the laws of the State of New Jersey.

26. Plaintiff alleges no facts which give rise to a claim for punitive damages.

27. Plaintiff lacks the capacity to sue pursuant to Fed. R. Civ. Pro. 17(c) and therefore the Complaint should be dismissed.

28. Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of qualified immunity.

29. Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of absolute immunity.

30. Defendant did not, and was not reasonably expected to know, that any actions taken with respect to the Plaintiff were in violation of Plaintiffs' rights.

31. Defendant did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any rights of Plaintiff.

32. This action has been commenced by Plaintiff in bad faith and with the intent to harass this Defendant and cost great sums of money to defend the cause of action and, therefore, this Defendant will seek reimbursement for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and N.J.S.A. 2A:15-59.1.

33. The Complaint must be dismissed because Plaintiff has failed to exhaust the administrative remedies for any injuries claimed or deemed to be claimed by him.

34. The recovery of the Plaintiff, if any, is limited pursuant to N.J.S.A. 59:9-3.

35. The Plaintiff failed to file a notice of claim against this Defendant as to any State claims asserted and any and all State claims should be dismissed as per N.J.S.A. 59:8-8 and 59:8-9.

36. Any and all State claims of Plaintiff are barred by N.J.S.A. 59:1-1, et seq., including but not limited to 59:2-2, 2-3, 2-4, 3-3, 3-8, 5-2, 5-4, and 9-2.

37. This lawsuit is barred under the provisions of 42 U.S.C. § 1983.

38. This Defendant claims attorneys' fees and costs of suit under 42 U.S.C. § 1983 and 42 U.S.C. §1988.

39. This Defendant has not acted with a deliberate indifference to the rights of Plaintiff and, therefore, the within cause of action should be dismissed.

40. Any and all injuries and damages sustained by the Plaintiff were directly and proximately caused by the Plaintiff himself in an effort to avoid lawful police activity.

41. This Defendant denies he was guilty of any negligence which was the proximate producing cause of any injuries or damages alleged to have been sustained by the plaintiff.

42. Defendant acted with legal justification, in good faith and with probable cause based upon the then existing exigent circumstances, using reasonable force, in the good faith execution and enforcement of the law.

43. Defendant acted on reasonable grounds, without malice, and with probable cause under the then existing exigent circumstances and is, therefore, not responsible in damages to the Plaintiff.

44. Plaintiff committed acts of violence and force upon this Defendant when said named Defendant was attempting the lawful arrest of Plaintiff, thus requiring the use of reasonable force in or to effectuate the lawful arrest of Plaintiff.

45. The intentional, unlawful or criminal conduct of the Plaintiff is the direct and proximate cause of his damages, if any.

46. The claim is barred by the doctrine of laches.

47. The Plaintiffs' Complaint is barred due to the doctrine of estoppel.

48. The Plaintiffs' Complaint is barred due to the doctrine of avoidable consequences.

49. The Plaintiffs' Complaint is barred due to fraud.

50. The Plaintiffs' Complaint is barred due to the doctrine of illegality.

51. The Plaintiffs' Complaint is barred due to the doctrine of waiver.

52. The Plaintiffs' Complaint is barred due to the doctrine of collateral estoppel.

53. The Plaintiffs' Complaint is barred due to the doctrine of res judicata.

54. This Defendant denies having acted in a palpably unreasonable manner.

55. This Defendant incorporates by reference each and every defense of every co-defendant, named or unnamed, as if set forth at length herein.

56. The Plaintiffs' Complaint is barred by the two (2) year statute of limitations set forth in N.J.S.A. 2A:15-3.

57. The Plaintiffs' Complaint is barred by the two (2) year statute of limitations set forth in N.J.S.A. 2A:31-3.

58. The Plaintiffs' Complaint for negligent infliction of emotional distress is barred by the two (2) year statute of limitations.

59. At no time germane to the incidents complained of by the Plaintiff did the Defendant abuse his discretion in carrying out his legal duties and/or obligations.

60. The conduct of the Defendant was legal, reasonable and proper under the then-existing circumstances.

61. Defendant had the right and duty to act as he did under the circumstances alluded to in Plaintiffs' Complaint.

62. Defendant's actions were not the driving force of the alleged constitutional violations and therefore, there cannot be any 42 U.S.C. 1983 liabilities against this Defendant.

63. The Plaintiffs' claims are generalized and conclusory and Defendant cannot fully anticipate all the affirmative defenses that may be asserted in the within action. Accordingly, the Defendant reserves the right to impose such other and further defenses as continuing investigation and discovery may reveal.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, MUCIO LUCERO, by way of Cross-Claim against all named co-defendants says:

### CROSS-CLAIM FOR CONTRIBUTION FROM ALL DEFENDANTS

Without admitting any liability to Plaintiff for any damages alleged, if a judgment is recovered against Defendant, MUCIO LUCERO demands contribution from all co-defendants pursuant to the provisions of the New Jersey Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

**WHEREFORE**, Defendant MUCIO LUCERO hereby demands judgment from the co-defendants, awarding damages, attorneys' fees, costs of suit, and such further relief as the Court deems proper and just.

### CROSS-CLAIM FOR INDEMNIFICATION

Without admitting any liability for any damages alleged, if a judgment is recovered against Defendant, MUCIO LUCERO demands judgment against all co-defendants for indemnification of any sum for which they might be found liable pursuant to relevant New Jersey laws.

**WHEREFORE,** this Defendant demands judgment by way of indemnity against the co-defendants for any judgment which may be entered in favor of the plaintiffs against this defendant.

### ANSWER TO CROSS-CLAIMS

Defendant MUCIO LUCERO denies each and every allegation of any cross-claim, claim for contribution or claim for indemnification which has been and which may be asserted against him by any party in this litigation.

### DEMAND FOR DAMAGES

Defendant MUCIO LUCERO demands a written statement of the amount of damages within five (5) days after service hereof.

### JURY TRIAL DEMANDED

This Defendant requests a trial by jury on all issues in the above-entitled matter.

### TRIAL ATTORNEY DESIGNATION

Defendant hereby designates Joel M. Miklacki, Esq. as trial counsel in this matter.

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

                                                /s/ *Joel M. Miklacki*
                                                JOEL M. MIKLACKI, ESQ.
                                                One Howe Avenue, Fourth Floor
                                                Passaic, New Jersey
                                                *Attorney for Defendant MUCIO LUCERO*

Date: July 20, 2022